**EXHIBIT – A**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY
AT KENT

| | |
|---|---|
| THERESE BEEMSTER,<br><br>                       Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., and<br>SCHILLER GROUNDS CARE, INC.,<br>and JOHN DOE,<br><br>                       Defendants. | NO. 20-2-13471-6<br><br>PLAINTIFF'S COMPLAINT |

Plaintiff THERESE BEEMSTER (a/k/a Tracy Beemster, hereinafter "plaintiff" or "Ms. Beemster"), for cause of action against defendants alleges as follows:

**Parties**

1. At all relevant times plaintiff was a single woman residing in Bothell, King County, Washington. On September 17, 2017, she rented a Little Wonder Hedge Trimmer from a Home Depot store in Bothell, Washington, and then used it briefly at her home in Bothell before driving to property she owned on Mercer Island, Washington, where she proceeded to begin to trim a hedge on that property. Shortly after beginning that work, she was injured as more fully set forth in paragraph 6 below.

2. On information and belief, defendant Home Depot U.S.A., Inc. (hereinafter called "Home Depot"), is a national company with headquarters in Atlanta, Georgia, that is licensed to do business in Washington State and, in fact, does business in Washington, notably operating a

PLAINTIFF'S COMPLAINT - 1

Law Office of James F. Whitehead
2211 Elliott Ave., Suite 200
Seattle, WA 98121
(206) 448-0100
Fax (206) 455-2701

retail store in Bothell, Washington, among many other locations, where it sells and rents tools, hardware, and a host of home improvement and outdoor items.

3. On information and belief, defendant Schiller Grounds Care, Inc. (hereinafter "Schiller"), is a corporation organized and existing under the laws of the State of Pennsylvania and has its headquarters in Pennsylvania. Schiller operates a yard-care and landscaping company and manufactures equipment for those purposes, including the Little Wonder Hedge Trimmer like the one used by plaintiff on the day of her accident. On information and belief Schiller sold or leased the trimmer involved in plaintiff's accident to Home Depot with an expectation that the equipment would be used by consumers in the State of Washington and other states.

4. On information and belief, plaintiff asserts that an unidentified person or entity who for purposes of this complaint, pending further investigation and discovery, is identified as defendant John Doe, may have some responsibility for damaging the trimmer through misuse, before Ms. Beemster used it, and failing to report the consequence of that misuse to Home Depot before it rented the trimmer to Ms. Beemster. If and when such person(s) and/or entity are identified, the pleadings will be amended, as necessary and appropriate.

**Jurisdiction and Venue**

5. This Court has jurisdiction over plaintiff's claims pursuant to RCW 2.08.010, and venue is proper in this court by virtue of RCW 4.12.020(3) and/or RCW 4.12.025.

**The Accident**

6. On the day of her accident, September 17, 2017, plaintiff had just begun to trim a hedge at her Mercer Island property. To facilitate the job, she was using a small stepladder as she worked her way down the length of the hedge. Just before the accident she had briefly trimmed a portion of the hedge that was just high enough above the ground that plaintiff thought, for safety purposes and ease of seeing what she was doing, justified her standing on the first rung of the ladder. She released the throttle on the trimmer, which she understood would leave the

PLAINTIFF'S COMPLAINT - 2

Law Office of James F. Whitehead
2211 Elliott Ave., Suite 200
Seattle, WA 98121
(206) 448-0100
Fax (206) 455-2701

1 trimmer in idle without movement of the blade, and stepped down to move the ladder. After moving the ladder, she stood on the first rung and reached for the handle of the trimmer that had partially rolled over. She did not realize that the blade was still moving, and in reaching for the handle her right hand came in contact with the blade, which nearly cut off the top portion of her right ring finger, which remained attached to the rest of the finger by a small thread of skin, and cut severely her right index finger. Neighbors called 911 for her, and members of the Mercer Island Fire Department took her to Harborview Medical Center where she was seen by an emergency physician and treated. She was told that there was no way to save the portion of her right ring finger that was barely attached, and a doctor cut the thread.

7. On September 18, 2017, the day after the accident, Ms. Beemster returned the hedge trimmer to Home Depot in Bothell and filed an accident report. After explaining the accident to the gentleman who had waited on her the day before when she rented the trimmer, a man named Barry, Barry turned on the trimmer and then released the trigger/throttle but noted that the blade kept moving. He said it was "no bueno," and a woman employee who was there promised plaintiff that the trimmer would be taken out of service.

8. At all relevant times, plaintiff exercised reasonable care in her use of the trimmer. She had extensive prior experience herself using similar trimmers and had in the past co-owned her own small landscape business for a period of time. She was without fault in this accident.

9. Since the accident plaintiff has suffered significantly from physical pain, distress, and embarrassment over the appearance of her right ring finger, from both her own distress at seeing it and from her realization that the attention of many people with whom she interacts on a daily basis is drawn to the finger when they are talking to her. For a period of time it was very painful from a physical standpoint, as were the cuts inflicted on her right index finger, but the most significant damage has resulted from her reaction to her finger's appearance and the realization that the appearance is likely permanent, as well as the fact that the appearance of the finger is a constant reminder of the traumatic incident itself.

PLAINTIFF'S COMPLAINT - 3

Law Office of James F. Whitehead
2211 Elliott Ave., Suite 200
Seattle, WA 98121
(206) 448-0100
Fax (206) 455-2701

### Negligence Claim against Home Depot

10. Plaintiff repeats and realleges and incorporates herein, as if fully set forth in this section, the allegations of paragraphs 1-9 above.

11. At all relevant times, defendant Home Depot owed plaintiff the duty to exercise reasonable care under the circumstances to inspect the trimmer that it rented to her and to make such repairs as seemed prudent before rental or to provide another safe trimmer for her use. Pending further investigation, on information and belief, plaintiff alleges that Home Depot breached that duty by failing to adequately inspect and maintain the subject Little Wonder Hedge Trimmer before renting it to her to ensure that it was safe for use. Pending further investigation and discovery, plaintiff alleges on information and belief that Home Depot had before her accident either actual or constructive notice of the dangerous condition that caused her injuries in this case.

12. Home Depot's breach of its aforesaid duty proximately caused injuries and damages to plaintiff as previously described.

### *Res Ipsa Loquitur*

13. Plaintiff repeats and realleges and incorporates herein, as if fully set forth in this section, the allegations of paragraphs 1-9 and 10-12 above.

14. If further investigation fails to reveal specific acts or omissions of negligence on Home Depot's part, on information and belief plaintiff alleges that Home Depot is still liable to plaintiff for her aforesaid damages by the doctrine of *res ipsa loquitur* because Home Depot had just prior to her use of the Little Wonder Hedge Trimmer exclusive control of the trimmer and a duty to inspect it and ensure it was safe for plaintiff's use, and because plaintiff was herself without fault of any kind and did not cause or contribute to the accident in any way, and the accident is such as does not occur normally if the person or entity in control has exercised ordinary care. Plaintiff therefore alleges that Home Depot must have been negligent in a way

PLAINTIFF'S COMPLAINT - 4

Law Office of James F. Whitehead
2211 Elliott Ave., Suite 200
Seattle, WA 98121
(206) 448-0100
Fax (206) 455-2701

that caused the accident, even in the absence of proof of specific wrongdoing, and that such negligence proximately caused plaintiff's injuries and damages as previously described.

### Contract Claim Against Home Depot

15. Plaintiff repeats and realleges and incorporates herein, as if fully set forth in this section, the allegations of paragraphs 1-9 above.

16. At the time of rental of the equipment, plaintiff signed a contract written by or for Home Depot. Under the General Terms and Conditions of the Tool Rental Agreement, Home Depot was responsible under the provisions of paragraph 1 to provide to Customer the listed equipment "in good working condition." The trimmer was not in good working condition, and accordingly Home Depot breached the contract and is responsible for the proximately resulting injuries and damages outlined above.

### Product Claim Against Schiller

17. Plaintiff repeats and realleges and incorporates herein, as if fully set forth in this section, the allegations of paragraphs 1-9 above.

18. On information and belief, Schiller designed, manufactured, distributed, leased, and/or sold to Home Depot or an unknown intermediary the Little Wonder Hedge Trimmer involved in plaintiff's accident. As an alternative allegation to plaintiff's allegations of negligence against Home Depot and John Doe (see below as to John Doe), pending further investigation and discovery, plaintiff alleges that the subject trimmer was not damaged or changed in any way after leaving Schiller's control and broke or malfunctioned, proximately causing injury and damages to Ms. Beemster due to design or manufacturing defect for which Schiller is strictly liable, and that Schiller is liable for all injuries and damages suffered by plaintiff as described above.

### Negligence Claim Against John Doe

19. Plaintiff repeats and realleges and incorporates herein, as if fully set forth in this section, the allegations of paragraphs 1-9 above.

PLAINTIFF'S COMPLAINT - 5

Law Office of James F. Whitehead
2211 Elliott Ave., Suite 200
Seattle, WA 98121
(206) 448-0100
Fax (206) 455-2701

20. On information and belief, there may have been a person or business entity that asserted control over the subject Little Wonder Hedge Trimmer before it was rented to plaintiff, including someone to whom the trimmer had been previously rented and who misused the trimmer or found it defective or dysfunctional in some way and yet failed to advise Home Depot of such issues on returning the trimmer to Home Depot. Such person or entity owed plaintiff and all other potential renters a duty to exercise reasonable care not to damage the machine and to report to Home Depot any defects or damage caused by or even observed by said person or business entity.

21. Pending further investigation and discovery, plaintiff alleges that such person or entity breached the aforesaid duty of care and proximately caused or contributed to plaintiff's accident and her injuries and damages by acts or omissions relating to the hedge trimmer and failing to report safety concerns to Home Depot on return of the property.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

A. For judgment of joint and several liability against defendants Home Depot and/or Schiller and/or John Doe;

B. For an award of general and special damages as set forth above and proved for plaintiff's losses and physical, mental, and emotional personal injuries;

C. For prejudgment interest and statutory and reasonable attorney fees and costs in such amounts as the court may deem proper and just; and

D. For such other and further relief as the court may deem appropriate.

DATED at Seattle, Washington, this 3rd day of September 2020.

LAW OFFICE OF JAMES F. WHITEHEAD

s/ James F. Whitehead
James F. Whitehead, WSBA# 6319
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT - 6

Law Office of James F. Whitehead
2211 Elliott Ave., Suite 200
Seattle, WA 98121
(206) 448-0100
Fax (206) 455-2701