UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THERESE BEEMSTER,

    Plaintiff,

v.

HOME DEPOT USA, INC., et al.,

    Defendant.

Case No. C20-1448-RSL-SKV

ORDER GRANTING DEFENDANTS' MOTION TO EXTEND CASE SCHEDULE DEADLINES

This matter came before the Court on Defendant Home Depot USA, Inc.'s ("Home Depot") and Defendant Schiller Grounds Care, Inc.'s ("Schiller") Motion to Extend the Case Schedule Deadlines by four months (Dkt. 22). For the reasons discussed below, the Court GRANTS Defendants' Motion.

## BACKGROUND

Defendant Home Depot removed this action from King County Superior Court on September 30, 2020. Dkt. 1. On December 1, 2020, the Court issued an Order Setting Pretrial Schedule, which provided (among other things) that expert disclosures and reports were due by June 7, 2021, rebuttal expert disclosures and reports were due by June 28, 2021, the discovery cutoff was August 25, 2021, and dispositive motions were due by September 24, 2021. Dkt. 18.

ORDER GRANTING DEFENDANTS' MOTION
TO EXTEND CASE SCHEDULE DEADLINES - 1

On April 21, 2021, the Court entered an Order granting a stipulated motion to extend the expert discovery deadlines. Dkt. 20. This Order reset the expert disclosures and reports deadline to July 7, 2021 and the rebuttal expert disclosures and reports deadline to July 28, 2021. *Id.*

Defendants Home Depot and Schiller now move the Court for an order extending the case schedule deadlines by four months. *See* Dkt. 22 at 1. Defendants allege that Plaintiff has not produced her complete medical records, meaning Defendants' experts cannot finalize their investigations or complete their reports, and Defendants cannot conduct relevant discovery or file dispositive motions prior to the deadlines for doing so. *Id.* at 1–2. According to Defendants, they did not learn that Plaintiff's medical records were incomplete until Plaintiff's deposition on April 13, 2021, at which time Defendants requested production of the outstanding records. *Id.* at 3. On June 8, 2021, Plaintiff produced some of her outstanding records, but informed Defendants that they would need to provide a release for her to execute and work with a third-party vendor to obtain the rest. *Id.* at 3–4. The Covid-19 pandemic has delayed the rate at which third-party vendors are able to produce medical records by several months. *Id.* at 4.

Plaintiff does not dispute that Defendants do not have all of her medical records, but opposes Defendants' Motion on the ground that there is no compelling reason to extend the case schedule deadlines and because Plaintiff will be prejudiced by the potential increase in expert fees and costs resulting from an extension. Dkt. 24 at 1–2, 4.

## DISCUSSION

Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In other words, "[t]he district

court may modify the scheduling order 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 Advisory Comm. Notes (1983 amendment)). If the party seeking the extension "was not diligent," then good cause does not exist. *Id*.

It is undisputed that Plaintiff's medical records are incomplete, that Defendants did not learn as much until April 13, 2021, and that Plaintiff initially agreed to obtain her outstanding records at Defendants' request. *See* Dkt. 24 at 2. It is likewise undisputed that some, but not all, of Plaintiff's outstanding records were produced on June 8, 2021, but that Plaintiff informed Defendants at that time that they would need to provide a release for her to execute and work with a third-party vendor to obtain the rest. *Id.* Finally, it is undisputed that Defendants provided the requested release two days later, but that the pandemic has delayed the rate at which third-party vendors can produce medical records by several months. *Id.*

Given this, the Court finds that Defendants have been diligent in attempting to obtain Plaintiff's outstanding medical records. Further, the Court finds that Plaintiff's records are unlikely to be produced before the expert disclosures and reports deadlines, and potentially before the discovery cutoff and dispositive motions deadline. As such, the Court finds good cause for amending the case schedule deadlines by four months, and Defendants' Motion is granted.

/ / /

/ / /

/ / /

/ / /

/ / /

ORDER GRANTING DEFENDANTS' MOTION
TO EXTEND CASE SCHEDULE DEADLINES - 3

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Extend the Case Schedule Deadlines (Dkt. 22) is GRANTED. The Clerk is directed to issue a new Order Setting Pretrial Schedule extending the remaining case deadlines by four months, and to send copies of this Order to the parties and to the Honorable Robert S. Lasnik.

Dated this 28th day of June, 2021.

S. KATE VAUGHAN
United States Magistrate Judge